UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK COLSTON,

Plaintiff,

v.

DIANE REDICK, sued in her individual and official capacity,

Defendant. /

Case No. 1-02-CV-779

Hon. Richard Alan Enslen

**ORDER**

This matter is before the Court on Plaintiff Mark Colston's Motion for Modification of Judgment pursuant to Federal Rule of Civil Procedure 60(b). This Court denied Plaintiff's first Motion for Relief from Judgement or Order pursuant to Rule 60(b)(2) or (3) for the reason that Plaintiff had not demonstrated by a preponderance of the evidence that his agreement to settle this lawsuit was the product of duress. Plaintiff's second Motion for Relief from Judgment or Order was also pursuant to Rule 60(b)(2) or (3), and in addition to alleging duress, requested the Court void the settlement because of misrepresentation and unconscionablity. The Court denied Plaintiff's second Motion for the same reasons as it denied the first Motion.

Plaintiff now moves generally under Rule 60(b) and alleges the same facts as in his second Motion: he is being denied the right to pursue a subsequent retaliation claim because of language contained in the settlement agreement. Plaintiff requests the Court modify the settlement agreement such that he can pursue a First Amendment retaliation claim. The Court construes Plaintiff's Motion as relying upon Rule 60(b)(6) where a court may grant relief from judgment for "any other reason justifying relief from the operation of the judgment." FED. R. CIV. P. 60(b)(6). However, Plaintiff has failed to show "exceptional circumstances" warranting relief under Rule 60(b)(6). *See Jinks v.*

*AlliedSignal, Inc.,* 250 F.3d 381, 387 (6th Cir. 2001); *Blue Diamond Coal. Co. v. Trustees of UMWA Combined Ben. Fund,* 249 F.3d 519, 524 (6th Cir. 2001); *Olle v. Henry & Wright Corp.,* 910 F.2d 357, 365 (6th Cir. 1990). "Relief under Rule 60(b), moreover, is circumscribed by public policy favoring finality of judgments and termination of litigation." *Doe v. Lexington-Fayette Urban County Gov't*, 407 F.3d 755, 760 (6th Cir. 2005) (*quoting Waifersong Ltd. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992)).

The Court notes that Plaintiff's use of this forum as a tool to seek relief from an unfavorable Judgment rendered in the Eastern District of Michigan is not appropriate.[1]

**THEREFORE, IT IS HEREBY ORDERED** that Plaintiff Mark Colston's Motion for Modification of Judgment (Dkt. No. 147) is **DENIED**.

DATED in Kalamazoo, MI:
November 14, 2006

/s/ Richard Alan Enslen
RICHARD ALAN ENSLEN
SENIOR UNITED STATES DISTRICT JUDGE

[1]To make clear, the Court is not inviting Plaintiff to seek relief under Rule 60(b) in the Eastern District as the Court believes such a motion would have no merit.